36 So.2d 632

### STATE v. ALEXANDER.

No. 38673.

June 1, 1948.

Rehearing Denied July 2, 1948.

Claude B. Prothro, L. Wright Lee and D. C. Dickson, all of Shreveport, for appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Edwin L. Blewer, Dist. Atty., and Wm. F. Woods, Jr., Asst. Dist. Atty., both of Shreveport, for appellee.

FOURNET, Justice.

The defendant, Robert Talley Alexander, is appealing from his conviction and sen-

tence under a charge of violating Act No. 148 of 1936, in that he, as the president of the Southern Equitable Life and Accident Association, conducted the business of industrial life insurance without first having complied with the provisions of that act. As the basis for the reversal of his conviction and sentence the defendant contends (1) that there was no evidence adduced in support of the charge upon which he was convicted, and (2) that he was not amenable to the provisions of Act No. 148 of 1936, governing industrial insurance companies, since he was operating as a fraternal organization under the provisions of Act .No. 256 of 1912.

The record shows that although the defendant did incorporate as a fraternal benefit society under the provisions of the 1912 act and file his charter with the Secretary of State, receiving a certificate showing the filing and recordation of such charter, no permit was ever issued to him under this act authorizing him to operate as such for the reason that he failed to comply with the other requirements of the act, such as furnishing the Secretary of State with certified copies of the rules, regulations, constitution, and by-laws of the association, as well as with copies of all proposed forms of benefit certificates, etc., as required in Section 12. Despite this, the defendant, nevertheless, proceeded to issue, as the president of this association, and deliver, policies of the class and character termed industrial policies as described in Section 2 of Act No. 148 of 1936, without first having obtained a permit to do so as required in Section 9, such action being denounced and made punishable as a misdemeanor in Section 13.

While Section 4 of the 1912 act (an act to provide for the organization, admission, and regulation of associations transacting the business of life, accident, sick benefit or physical disability insurance on the fraternal plan) specifically declares such societies or organizations shall be governed by the provisions of the act and are exempt from all insurance laws, it was not intended that the state would thereby surrender its right to thereafter police the organization and operation of these societies. On the contrary, in this same section it is provided that "no law hereafter enacted shall apply to them, *unless they be expressly designated therein.*" Consequently, the legislature in adopting the 1936 act clearly showed its intention that fraternal orders would be amenable thereto by specifically designating in Section 4 that these organizations were among those to be governed by the act. (Italics ours.)

We therefore conclude that there is no merit to the contentions of the appellant.

For the reasons assigned, the conviction and sentence are affirmed.

O'NIELL, C. J., absent.